## STATE v. HUNT.

When a person dies after he has been chosen a county officer, though before the votes are counted, the court has authority to declare the office vacant and to fill the vacancy.

INFORMATION in the nature of a *quo warranto*, filed by the attorney-general at the relation of Daniel W. Lane against Nathan P. Hunt, alleging in substance that the returns of votes given in the several towns in the county of Hillsborough, at the annual election in March,

1874, for the office of county treasurer for the ensuing political year, were made out, signed, certified, sealed, directed, and transmitted to the clerk of the supreme court for said county, as required by law; that the said court, at the next stated term after the second Tuesday of March, 1874, to wit, at the term thereof holden at Amherst on the first Tuesday of May, 1874, examined said returns of votes, and recorded and counted the same, and it appearing that one Nathan Hutchinson had received the highest number of votes for said office, he was declared to have been duly elected county treasurer for the ensuing political year, and it further appearing that the said. Hutchinson had deceased after said second Tuesday of March and before said first Tuesday of May, the court declared the office vacant, and appointed the said Lane a commissioner to perform the duties of the office, agreeably to the statute in such case made and provided; that said Lane has duly filed his bond and oath of office; that said bond has been approved by the county commissioners for said county; that said Lane has demanded of Nathan P. Hunt, who was duly elected and qualified as county treasurer for the political year 1873, to deliver over to him the books, papers, and funds in his hands as county treasurer,—but the said Hunt has refused and still refuses so to do, and claims that, by reason of the death of said Hutchinson before the examination of the record and returns of votes by the court, there was no such vacancy in said office as authorized said court to appoint a commissioner, and the said Hunt is entitled to exercise the duties of said office for the ensuing political year; that said Lane is by law alone authorized to perform the duties of said office, and entitled to the sole care, custody, and control of the books, papers, and funds of the said county, all which the said Hunt, during all the time aforesaid, has usurped, and still does usurp, to the great damage and prejudice of the state;—wherefore the attorney-general prays advice of the court in the premises, and due process of law against the said Hunt in this behalf, to be made to answer to the said state by what warrant he claims to have and use the liberties and privileges aforesaid, and to perform the duties of said office. To this information there was a demurrer, which was joined.

*Morrison, Stanley & Hiland,* for the state.

*Hunt, pro se.*

HIBBARD, J. Chapter 23 of the General Statutes provides, in sec. 1, for the choice of county officers; in sec. 5, for the counting of the votes by the supreme court; in sec. 7, that "if any person chosen or appointed to either of said offices declines to accept, removes from the county, resigns, dies, or becomes insane, or when there is manifest hazard to the public interest, said court may declare the office vacant;" and in sec. 8, that "in any case of vacancy the supreme court shall appoint a commissioner to perform the duties of the office, who shall be subject to the requirements and liabilities, and entitled to the privi-

leges and emoluments of such office during the vacancy;" and we are all clearly of the opinion that Mr. Hutchinson was "chosen" county treasurer at the annual election in March, 1874; that, by reason of his death after he was chosen, the court had authority to "declare the office vacant;" that the appointment of Mr. Lane to fill the vacancy was valid; and that he is authorized "to perform the duties" "and entitled to the privileges" of the office.

*Demurrer overruled.*